**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**LORI ANN STURGILL,**

        **Plaintiff,**                  **CIVIL ACTION NO. 17-cv-12218**

       **v.**                              **DISTRICT JUDGE LINDA V. PARKER**

**COMMISSIONER OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Lori Ann Sturgill seeks judicial review of Defendant Commissioner of Social Security's determination that she is not entitled to social security benefits for her physical and mental impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 15). The motions have been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **DENIED** and Defendant's Motion for Summary Judgment (docket no. 15) be **GRANTED**.

## II.   PROCEDURAL HISTORY

Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income on June 4, 2013, alleging that she has been disabled since September 30, 2012, due to arthritis, depression, asthma, and sinusitis.  (TR 198-213, 246, 250.)  The Social Security Administration denied Plaintiff's claims initially on November 6, 2013, and again upon reconsideration on March 20, 2014.  (TR 63-104.)  Plaintiff then requested a *de novo* hearing before an Administrative Law Judge (ALJ).  (TR 125-26.)  On February 8, 2016, Plaintiff appeared with a representative and testified at a hearing before ALJ Thomas L. English.  (TR 39-62.)   The ALJ subsequently issued an unfavorable decision on March 2, 2016, and the Appeals Council declined to review the ALJ's decision.  (TR 1-6, 21-32.)  Plaintiff then commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.

## III.   THE MEDICAL EVIDENCE

Plaintiff (docket no. 12-1), Defendant (docket no. 15 at 4-8) and the ALJ (TR 24-25, 26-29) have set forth detailed, factual summaries of Plaintiff's medical record.  Having conducted an independent review of Plaintiff's medical record, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.   ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 30, 2012, and that Plaintiff suffered from the following severe

2

impairments: immunodeficiency disorder excluding HIV infection, fibromyalgia, and degenerative disc disease of the back. (TR 23-24.) The ALJ also found that Plaintiff's depression, anxiety, and substance addiction disorder were non-severe impairments. (TR 24-25.) Additionally, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR 25.) The ALJ then found that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must be permitted to change position from sit, stand, or walk for five minutes after every 30 minutes of sitting, standing, or walking. She can occasionally use foot controls bilaterally, frequently use hand controls bilaterally, and frequently handle, finger, and feel bilaterally. She can frequently climb ramps and stairs and can occasionally climb ladders, ropes, and scaffolds, stoop, kneel, crouch, and crawl.

(TR 25-30.) Subsequently, in reliance on the vocational expert's (VE's) testimony, the ALJ determined that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (TR 31-32.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from September 30, 2012, through the date of the decision. (TR 22, 32.)

V.    **LAW AND ANALYSIS**

   A.    **Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B.    Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1)    Plaintiff was not presently engaged in substantial gainful employment; and

(2)    Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C. Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. §

405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174).

Plaintiff asserts that this matter should be reversed and/or remanded under sentence four because "the ALJ's failure to accord the medical opinions of [P]laintiff's treating primary care physician and treating neurologist controlling weight[] is not supported by substantial evidence." (Docket no. 12 at 6.) It is well settled that the opinions of treating physicians are generally accorded substantial deference. In fact, the ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and it is not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). When an ALJ determines that a treating source's medical opinion is not controlling, he must determine how much weight to assign that opinion in light of several factors: (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; (5) specialization of the treating source; and (6) other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

There is no *per se* rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). *Norris v. Comm'r of Soc. Sec.*, No. 11-CV-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010)). An ALJ's failure to discuss the requisite factors may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the

6

Commissioner has met the goal of [§ 1527(c)]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

The Commissioner requires its ALJs to "always give good reasons in [their] notice of determination or decision for the weight [they] give [a] treating source's opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (quoting Social Security Ruling (SSR) 96-2p, 1996 WL 374188, at *5 (1996)). The district court should not hesitate to remand when the Commissioner has failed to identify the weight assigned to a treating physician's opinion and provide good reasons for that weight. *See Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) ("This Court has made clear that '[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.") (citing *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009)).

The ALJ assessed the opinion of Plaintiff's treating neurologist, Shraddha Jatwani, M.D., as follows:

> A medical source statement (MSS) signed by Shraddha Jatwani, M.D. on February 8, 2016 noted treatment of the claimant since February 9, 2015 for lupus and fibromyalgia. He indicates her symptoms include fatigue, numbness and weakness [of] the extremities, dizziness, headaches, cough, joint pain, and shortness of breath. Treatment includes follow-up visits and NSAIDS. He did not render an opinion as to her ability to work a full-time job eight-hours per day,

7

> five day[s] per week, on a continuous basis and did not assess her ability to sit, stand, walk, lift, or carry and whether she would need to alternate positions, or take unscheduled breaks. He did opine that the claimant would be absent from work two times per month due to her impairment, conditions, or symptoms. (Ex. 10F). I considered the opinion of Dr. Jatwani but gave it **little weight** since his MSS does not contain a full assessment of the claimant's abilities and is generally inconsistent with the objective medical evidence of record, the findings of the consultative examiner, and the adopted residual functional capacity.

(TR 29 (emphasis in original).)

Plaintiff argues that "[o]ther than disagreeing with Dr. Jatwani's medical opinion, the ALJ never really identifies any contrary substantial evidence supporting rejection of this treating physician's opinion, which amounts to reversible error." (Docket no. 12 at 7.) Plaintiff's argument is blatantly incorrect. The ALJ found that Dr. Jatwani's opinion was inconsistent with the objective medical evidence, which the ALJ explicitly discussed in his Decision. (TR 27, 28, 29.) Specifically, the ALJ discussed the x-rays of Plaintiff's bilateral hands and wrists that were taken on February 9, 2015, and he noted that the results were "normal radiographs of the bilateral wrists and hands with normal joint space, alignment, and no fractures noted." (TR 27 (citing TR 388-91).) The ALJ also discussed the June 10, 2015 MRI of Plaintiff's lumbar spine, which revealed only mild degenerative disc disease, minimal disc degeneration, mild spinal stenosis, and a small partial tear associated with a small focal disc protrusion. (TR 28 (citing TR 481-82).)

Additionally, the ALJ found that Dr. Jatwani's opinion was inconsistent with the findings of Efren Cano, D.O., the physical consultative examiner, and he discussed those findings at length in the Decision. (TR 28, 29.) As the ALJ discussed, upon examination, Dr. Cano found that Plaintiff was able to sit in a chair without discomfort for the duration of the examination; was able to stand, walk, and get on and off the examination table without assistance or difficulty;

8

had a normal gait; was not able to stoop or walk on her heels or toes and stated that she would not and could not walk on her heels and toes or stoop because of chronic ankle pain; exhibited full range of motion, full strength, and full and equal grip strength; and no abnormalities of the hands, feet, or lumbar spine were noted. (TR 28 (citing TR 359-62).) The ALJ also pointed out that Dr. Cano diagnosed Plaintiff with subjective bilateral hand and ankle pain, depression, asthma, and sinusitis, but he found that her condition would not impose any limitations for 12 continuous months. (TR 28 (citing TR 363).)

When the ALJ's assessment of Dr. Jatwani's opinion is read in conjunction with the ALJ's discussion of Plaintiff's x-rays, Plaintiff's MRI results, and Dr. Cano's examination findings, the ALJ's reasons for discounting Dr. Jatwani's opinion are sufficiently specific to make clear to any subsequent reviewers the weight that the ALJ gave to Dr. Jatwani's opinion, and they therefore constitute good reasons under the regulations. Accordingly, Plaintiff's Motion should be denied with regard to the ALJ's assessment of Dr. Jatwani's opinion.

Next, with regard to the opinion of Plaintiff's treating physician, Donald C. Jones, M.D., the ALJ provided the following assessment:

> Donald Jones, M.D. completed a mental impairment questionnaire. He noted he had been treating the claimant since November 16, 2014 for a [sic] fibromyalgia, lower back pain, history of uterine cancer, asthma, polyarthralgia, and lupus. He indicated that the claimant's signs and symptoms include memory impairment, sleep disturbances, mood and affect disturbances, and decreased energy. He noted clinical findings that the claimant was positive for anxiety and panic attacks in new or unfamiliar setting[s] or crowds. Her medications cause fatigue, drowsiness, and lethargy. He opined that she has moderate limitation in the ability to maintain attention and concentration for extended periods and the ability to work in coordination with or in proximity to others without being distracted. She has a slight problem in responding appropriately to changes in the work setting but otherwise no functional limitations. He opined that the claimant would miss more than three times per month due to her impairments or treatments. (Ex 9F). I considered the opinion of Dr. Jones and give it **partial weight** since it is based on the subjective allegations of the claimant who is not entirely credible.

(TR 29 (emphasis in original).)

Plaintiff does not challenge the ALJ's explicit reasoning for discounting Dr. Jones's opinion; rather, Plaintiff challenges the ALJ's assessment of Dr. Jones's opinion on the basis that the ALJ failed to consider the regulatory factors. (Docket no. 12 at 7.) Again, Plaintiff is incorrect. As an initial matter, the regulations do not require an ALJ to conduct an "exhaustive factor-by-factor analysis" to satisfy the treating-source rule; the regulations expressly require only that the ALJ's decision include "good reasons" for the weight given. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011). Moreover, the ALJ discussed some of the regulatory factors in addressing Dr. Jones's treatment records and his opinion. Specifically, the ALJ considered the "specialization" factor when he noted that Dr. Jones was Plaintiff's primary care physician (TR 28); he considered the "length of Plaintiff's treatment relationship" with Dr. Jones by noting that Dr. Jones had been treating Plaintiff since November 16, 2014 (TR 29); he considered the "nature and extent of the treatment relationship" by noting that Dr. Jones treated Plaintiff for flu-type symptoms, headaches, lower back cramping and pain, sinus problems, asthma, fibromyalgia, a history of uterine cancer, polyarthralgia, and lupus; and he discounted the "supportability" of Dr. Jones's opinion because it was based on the subjective allegations of Plaintiff, whom the ALJ found to be not entirely credible (TR 29). Furthermore, this lack of supportability constitutes a good reason for discounting Dr. Jones's opinion under the regulations. Accordingly, Plaintiff's argument in this regard is unavailing.

Plaintiff also argues, although it is unclear with respect to which of the ALJ's medical opinion assessments, that "the ALJ's rationale ignores the objective diagnosis of Plaintiff's lupus, fibromyalgia, her low back MRI study, and positive straight leg raise findings." (Docket no. 12 at 7.) On the contrary, the ALJ explicitly acknowledged Plaintiff's diagnoses of lupus and

fibromyalgia in discussing Dr. Jatwani's treatment notes and in assessing both Dr. Jatwani's and Dr. Jones's opinions. (TR 27, 29.) The ALJ also found Dr. Jatwani's opinion to be inconsistent with the objective medical evidence (TR 29) and discussed the mild results of Plaintiff's MRI in the Decision (TR 28). Additionally, the ALJ considered Plaintiff's positive straight leg raises as part of his discussion of Dr. Jatwani's treatment records. (TR 27.) Plaintiff's instant argument fails.

Lastly, the undersigned notes that in her Motion, Plaintiff asserts that "[t]he ALJ's determination of Plaintiff's residual functional capacity, inextricably intertwined with the ALJ's assessment of Plaintiff's credibility and the credibility of her treating physicians' medical opinions, is not supported by substantial evidence on the whole record." (Docket no. 12 at 3.) Nevertheless, the only arguments developed by Plaintiff are those addressed above regarding the ALJ's assessments of Plaintiff's treating physicians' medical opinions. Nowhere in her Motion or Brief does Plaintiff develop any argument regarding the ALJ's assessments of her RFC or her credibility, and she has therefore waived any argument related thereto. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citation and internal quotation marks omitted) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.")

## VI.    CONCLUSION

For the reasons stated herein, the court should **DENY** Plaintiff's Motion for Summary Judgment (docket no. 12) and **GRANT** Defendant's Motion for Summary Judgment (docket no. 15).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 7, 2018  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: August 7, 2018  s/ Leanne Hosking
Case Manager